IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRECK E. SUNDERLAND,         )<br>                                              )<br>          Petitioner,              )<br>                                              )<br>    vs.                                    )<br>                                              )<br>JAMES D. HARTLEY, Acting Warden, )<br>                                              )<br>          Respondent.            )<br>_____ ) | No. C 07-5345 CRB (PR)<br><br>ORDER OF TRANSFER<br><br>(Doc # 5) |

      Petitioner, a state prisoner incarcerated at Avenal State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the petition will be transferred to the United States District Court for the Eastern District of California.

I

      Pursuant to a negotiated plea agreement, petitioner pled guilty to second degree murder with use of a knife in San Francisco County Superior Court and, on April 6, 1984, was sentenced to 16 years to life in state prison.

      Petitioner has been denied parole each time he has appeared before the Board of Prison Terms (BPT) (currently the Board of Parole Hearings (BPH)).

      On July 9, 2003, the BPT found petitioner not suitable for parole and denied him a subsequent parole suitability hearing for three years.

On October 3, 2006, petitioner appeared before the BPH for a subsequent hearing and was informed that the hearing would be postponed for six months because an up-to-date psychological evaluation had not yet been prepared.

Petitioner sought habeas relief from the state courts on the ground that the failure to provide him with a timely subsequent hearing deprived him of the benefits of his plea bargain. On May 9, 2007, the Supreme Court of California denied review of his challenge.

Petitioner seeks federal habeas relief on the same ground – that the BPH's failure to provide him with a timely subsequent hearing amounted a breach of his plea agreement.

II

Venue is proper in a habeas action in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). But whereas the district of conviction is the preferable forum to review a conviction, see Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993), the district of confinement is the preferable forum to review the execution of a sentence, see Habeas L. R. 2254-3(a); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

Here, petitioner does not challenge his conviction. He does not claim that his negotiated plea is invalid. Rather, he claims that the actions/omissions of the BPH many years after his conviction amounted to a breach of his plea agreement. His challenge is one related to the execution of his sentence. It should be heard in the Eastern District of California, the district of confinement, where an earlier, similar challenge to the BPT's actions is already pending. See Sunderland v. Mendoza-Powers, No. 06-0999-LJO-JMD (E.D. Cal. filed Aug. 1, 2006).

/

/

2

## III

For the reasons set forth above, the court orders that pursuant to 28 U.S.C. § 1404(a) and Habeas Local Rule 2254-3(b), and in the interest of justice, this habeas action be transferred to the United States District Court for the Eastern District of California.

The clerk shall transfer this matter and terminate all pending motions (see, e.g., doc # 5) as moot.

SO ORDERED.

DATED:  Jan. 13, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Sunderland, D1.transfer.wpd                3