UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRECK E. SUNDERLAND, | ) | 1:09-CV-00083 LJO GSA HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| | ) | [Doc. #5] |
| JAMES D. HARTLEY, Acting Warden, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On October 19, 2007, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California.  An order to show cause was issued on February 12, 2008, and Respondent filed a motion to dismiss the petition on April 9, 2008. Petitioner filed an opposition to the motion on May 9, 2008, and Respondent filed a reply to the opposition on June 20, 2008. On January 13, 2009, the Northern District issued an order transferring the case to the Eastern District, and the case was processed in this Court on January 14, 2009.

Petitioner is incarcerated at Avenal State Prison serving a sentence of 16 years to life for a

1983 conviction for second degree murder with use of a weapon.  He was denied parole in 2003 for a period of three years. In August of 2006, Petitioner requested information regarding his upcoming parole suitability hearing; however, he was informed that the hearing had been postponed indefinitely due to the backlog of parole hearings. See Petition at 10. On October 3, 2006, he appeared before the parole board for a subsequent hearing, but the hearing was postponed due to the need for a new psychological evaluation. See Petition at 10. In the petition before the Court, Petitioner claims the Board of Parole Hearings failed to conduct a timely subsequent parole hearing thereby depriving him of the benefits of his plea bargain.

## DISCUSSION

A.  Procedural Grounds for Summary Dismissal

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Mootness

    The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

In this case, Respondent contends the petition should be dismissed as moot because Petitioner has already been provided a parole consideration hearing. Respondent's argument is persuasive. On May 23, 2007, Petitioner appeared before the parole board for his seventh hearing. As the petition takes issue with the timeliness of the parole hearing, and Petitioner has now been granted his hearing, he has already been granted the only relief available. The petition should therefore be dismissed.

C.  Successive Petition

Respondent also claims the instant petition is successive. A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

This petition takes issue not only with the failure of the parole board to provide a timely hearing; the petition also claims a violation of Petitioner's plea agreement. As Respondent point out, Petitioner has already sought relief for this claim in a previous federal habeas petition. See

U.S. District Court
E. D. California                cd                                                3

Sunderland v. Mendoza, Case No. 1:06-CV-00999 LJO TAG HC.  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the plea agreement.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.

D.  Failure to State a Cognizable Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

The essence of Petitioner's complaints involve the interpretation and application of state law and regulations. Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989) (Federal courts are bound by state court rulings on questions of state law.). Although Petitioner couches his claims as one based on a violation of the Constitution, his broad assertion does not transform them

into federal ones. Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. <u>Langford v. Day</u>, 110 F.3d 1386, 1388-89 (1996). Respondent correctly argues that the instant claims are predicated on the application of state law and regulations regarding the manner in which the parole board conducts parole hearings, and Petitioner has not demonstrated a violation of the Constitution or that the state court decision was contrary to, or an unreasonable application of, Supreme Court precedent.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the petition be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 17, 2009**              **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE